**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| ANGELA MITCHELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 1 : 11-CV-165 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |
| | : |

**RECOMMENDATION**

Plaintiff, who is proceeding herein *pro se*, filed this Social Security appeal on November 21, 2011, challenging the Commissioner=s final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits her ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on July 7, 2008. (Tr. 119-29, 163). Her claims were denied initially and upon reconsideration. (Tr. 63-66, 68-75). A hearing was held before an Administrative Law Judge ("ALJ") in Albany, Georgia on February 23, 2011. (Tr. 32). Thereafter, in a hearing decision dated April 29, 2011, the ALJ determined that Plaintiff was not disabled. (Tr. 17-26). The Appeals

Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (Tr. 8-12).

*Statement of Facts and Evidence*

The Plaintiff was thirty-five (35) years of age at the time of the hearing before the ALJ, and alleged disability since July 6, 2008, due to a stroke and complications, high blood pressure, and high cholesterol. (Tr. 39, 148).  Plaintiff completed the tenth grade, and has past relevant work experience as a certified nurse assistant and a packer. (Tr. 24, 39).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: depression, history of asthma, and history of right side CVA (stroke).  (Tr. 19).  The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and she remained capable of performing work as follows:

> [T]he claimant has the residual functional capacity to perform simple and repetitive tasks at the light exertional level as defined in 20 CFR 404.1567(b) and 416.967(b) with no more than occasional use of the left upper extremity for fingering, pushing, or pulling; no more than frequent handling with the left upper extremity; no more than occasional crawling and climbing of ladders, ropes, and scaffolding; and the need to avoid concentrated exposure to workplace hazards and pulmonary irritants.

(Tr. 20).  Although Plaintiff could not return to her past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy, and was thus not disabled. (Tr. 24-25).

## DISCUSSION

In her brief challenging the Commissioner's decision, Plaintiff simply outlines her alleged medical problems, which the Court interprets as Plaintiff alleging the ALJ failed to consider the combined effect of her impairments.  (Doc. 17).

"Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." *Jones v. Dep't. of Health and Human Serv.*, 941 F.2d 1529, 1533 (11th Cir. 1991). The ALJ can satisfy his duty to consider all of the impairments in combination by "stating that he considered whether the claimant suffered from any impairment or combination of impairments." *Id.*; *see also Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (finding that the ALJ's decision stating that the plaintiff did not have an impairment or combination of impairments that met a listed impairment constituted evidence that the ALJ considered the plaintiff's impairments); *Warren v. Astrue*, 2010 WL 3294186,*6 (N.D. Ga. July 14, 2010) ("the Eleventh Circuit has also held that the statement by the ALJ that she considered the impairments in combination is sufficient to show that the ALJ considered the combined effect of [the plaintiff's] impairments"); *Fashaw v. Astrue*, 2011 WL 1237578, *9 (M.D. Fla. Feb. 15, 2011) ("The Eleventh Circuit has made clear that an ALJ's statements and findings may show a plaintiff's impairments have been considered in combination").

Herein, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1[.]" (Tr. 19). The ALJ stated that he determined Plaintiff's RFC "[a]fter careful consideration of the entire record," and when determining the RFC, the ALJ "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence[.]" (Tr. 20).

Moreover, the ALJ discussed and reviewed Plaintiff's impairments, both in determining the severity of Plaintiff's impairments and in determining Plaintiff's residual functional capacity. (Tr. 20-24). In doing so, the ALJ outlined Plaintiff's medical history and determined that Plaintiff's

impairments, singly or in combination, did not preclude Plaintiff from light work with limitations. Accordingly, there is no indication that the ALJ erred in his consideration of Plaintiff's impairments.

## CONCLUSION

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED** this 25th day of September, 2012.

            s/ *THOMAS Q. LANGSTAFF*
            **UNITED STATES MAGISTRATE JUDGE**

llf